UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
LIONEL PIERRE,

                Plaintiff,                **COMPLAINT**

                                              **18 CV 5438**

           -against-

THE CITY OF NEW YORK, Police Officer MICHAEL
CARLEO, Detective MARTIN MALONEY,
JOHN DOES #1 -5,

                Defendants.
---------------------------------------------------------X

      The Plaintiff, LIONEL PIERRE, by his attorney, The Rameau Law Firm,

alleges the following, upon information and belief for this Complaint:

## INTRODUCTION

      1.     This is a civil rights action for money damages brought pursuant

to 42 U.S.C. §§ 1983 and 1988 against the individual police officers identified

herein and their employer, the City of New York.

## PARTIES, VENUE AND JURISDICTION

      2.     Plaintiff LIONEL PIERRE is a resident of Kings County in the City

and State of New York and of proper age to commence this lawsuit.

      3.     At all relevant times hereinafter mentioned, Defendant City of New

York was and is a municipal corporation duly organized and existing under

and by virtue of the laws of the State of New York and acts by and through its

agencies, employees and agents, including, but not limited to, the New York

City Police Department ("NYPD"), and their employees.

4.      At all relevant times hereinafter mentioned, defendant police officer MICHAEL CARLEO, Shield No. 5738, was employed by the City of New York as a member of the NYPD. Carleo is sued in his individual and official capacities.

5.      At all relevant times hereinafter mentioned, defendant detective MARTIN MALONEY, Shied No. 2767, was employed by the City of New York as a member of the NYPD. Maloney is sued in his individual and official capacities

6.      At all relevant times hereinafter mentioned, defendants John Does One through Five were individuals employed by the City of New York as members of the NYPD whose actual and complete identities are not known to plaintiffs at this time. The Doe defendants are sued herein in their individual and official capacities.

7.      This Court has subject matter jurisdiction over the federal claims pursuant to 42 U.S.C. §1983.

8.      Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## FACTUAL ALLEGATIONS

9.     Plaintiff is an African-American male.

10.    On November 23, 2015, at approximately 1:00 p.m., plaintiff was traveling in his car as he was pulled over by undercover police officers at the intersection of Springfield Boulevard and Merrick Boulevard, in the County of Queens, City and State of New York.

11.    As plaintiff stopped, several defendant officers approached plaintiff with their guns drawn at plaintiff's face and ordered plaintiff to exit the vehicle.

12.    Plaintiff complied.

13.    Having searched the vehicle, defendants did not find any weapons or contraband.

14.    The defendants nevertheless arrested plaintiff and transported plaintiff to a police precinct where plaintiff was detained for many hours before being brought to Central Booking, where he was further detained.

15.    The defendants did not have a warrant to search the plaintiff's vehicle, nor consent to enter the vehicle, nor were there any exigent circumstances that the defendants could reasonably believe would permit their forcible search of the vehicle.

16.    The defendants later lied and claimed to have found the alleged contraband in a vehicle after assaulting the plaintiff.

17.    There was no probable cause for the arrest of plaintiff, nor was there any reasonable basis to believe such cause existed.

18.     Plaintiff made a number of court appearances before the case against plaintiff was ultimately dismissed.

19.     As a result of the defendants' actions, plaintiff suffered physical injuries, mental and emotional harm of a permanent nature, loss of liberty, loss of reputation, and other damages.

20.     At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

21.     At all relevant times herein, the defendants were acting under color of law and within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**
**(§1983 Claim Against the Individual Defendants)**

22.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23.     The defendants, individually and collectively, willfully and intentionally seized and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

4

24.     The defendants further failed to intervene in each other's misconduct, and then affirmatively sought to cover up said misconduct by lying about lack of probable cause, the failure to intervene, and the falsified version of the facts surrounding the arrest of plaintiff.

25.     To the extent that any one of the individual defendants did not personally engage in the fabrication of evidence concerning plaintiff's arrest, or any of the other unconstitutional conduct alleged herein, he or she witnessed this conduct as it occurred, was aware that it was occurring or would occur, had an ample opportunity to intervene to prevent it from occurring or continuing to occur, and failed to do so.

26.     By reason thereof, the individual defendants have violated 42 U.S.C.§1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION
### (False Arrest)

27.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28.     The individual defendants willfully and intentionally seized and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

29.     To the extent that any of the individual defendants did not affirmatively engage in such conduct, each such defendant was aware of the unlawful and/or unconstitutional acts of his or her fellow defendants, and

failed to take any corrective steps or otherwise intervene in the other defendants' misconduct despite ample opportunity to do so, and later while the plaintiff's arrest was being processed and the plaintiffs transported to Central Booking to await arraignment.

30. Accordingly, each defendant is liable either for directly participating in the conduct complained of herein, or for failing to intervene in order to prevent or limit such misconduct and injuries to the plaintiffs and the constitution.

31. By so doing, the individual defendants, individually and collectively subjected the plaintiff to being arrested without probable cause or any other lawful basis, and to be thereafter falsely imprisoned, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth Amendment of the United States Constitution.

32. By reason thereof, the individual defendants have violated 42 U.S.C. §1983.

### THIRD CAUSE OF ACTION
#### (Failure To Intervene)

33. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as through they were fully set forth herein.

34. The individual defendants unlawfully seized and arrested plaintiff without probable cause to do so.

35. Plaintiff was aware of his confinement and did not consent to such confinement.

36.     The individual defendants are therefore liable for falsely arresting and imprisoning the plaintiff.

37.     By reason thereof, the individual defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish and emotional distress.

## FOURTH CAUSE OF ACTION
### (Unlawful Search Under 42 U.S.C. § 1983)

38.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.     Defendants searched plaintiff in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

40.     As a result of the foregoing, plaintiff was subjected to an illegal and improper search.

41.     The foregoing unlawful search violated plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FIFTH CAUSE OF ACTION
### (Malicious Prosecution Under 42 U.S.C. §1983)

42.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43.     Defendants misrepresented and falsified evidence before the District Attorney.

44.     Defendants withheld exculpatory evidence from the District

Attorney.

45.    Defendants were directly and actively involved in the initiation of criminal case.

46.    As a result of the foregoing, plaintiff sustained, inter alia, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

### SIXTH CAUSE OF ACTION
### (Malicious Abuse of Process Under 42 U.S.C. §1983)

47.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48.    Defendants issued legal process to place plaintiff under arrest.

49.    Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

50.    Defendants acted with intent to do harm to plaintiff, without excuse or justification.

51.    As a result of the foregoing, plaintiff sustained, inter alia, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

52.    Not only has the municipal defendant effectively ratified such misconduct by NYPD members generally, the foregoing violations of plaintiff's federal constitutional rights and injuries were further directly, foreseeably,

proximately, and substantially caused by conduct, chargeable to the  defendant

City of New York, amounting to deliberate indifference to the constitutional rights of persons, including plaintiff, who are subjected to excessive force and other misconduct by officers the NYPD know have a demonstrated history of such misconduct.

## SEVENTH CAUSE OF ACTION
### (Municipal Liability)

45.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

47.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

48.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

49.     The foregoing customs, policies, usages, practices, procedures and

rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by as alleged herein.

50.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

51.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was subjected to constitutional violations resulting in emotional and physical injuries**.**

52.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

53.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

54.    All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

a.   Not to have excessive force imposed upon him;

b. Not to have summary punishment imposed upon him; and

c. To receive equal protection under the law.

55.    As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## EIGHTH CAUSE OF ACTION
### (Conspiracy To Violate Plaintiff's Civil Rights)

56.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein

57.    Defendants conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest of plaintiff.

58.    Throughout the period of the conspiracy, the defendants pursued their objectives with actual malice toward plaintiff, with utter and deliberate indifference to and disregard for plaintiff's rights under the Constitution and laws of the United States, without probable or reasonable cause to believe plaintiff guilty of any crime.

59.    Pursuant to the conspiracy, the conspirators, and their employees, agents and servants, intentionally, recklessly, negligently, and/or with complete indifference to the rights of plaintiff: (a) manufactured false evidence; (b) gave incomplete and/or misleading statements and testimony; (c)failed to correct such false statements and

testimony.

60.     The aforesaid conduct of defendants operated to deprive plaintiff of important and well-established rights under the Constitution and the laws of the United States including, but not limited to, his rights: not to be deprived of his liberty or to be arrested, detained or imprisoned except upon probable cause to believe him guilty of a crime, under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

61.     The foregoing violations of plaintiff's constitutional rights by defendants directly and proximately caused plaintiff's arrest, detention, imprisonment and deprivation of liberty.

**NINTH CAUSE OF ACTION**
**(Excessive Use Of Force Under 42 U.S.C. § 1983)**

62.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63.     The N.Y.P.D. defendants P.O. Carleo, detective Maloney, JOHN DOE #1-5 violated the Fourth and Fourteenth Amendments because they used objectively unreasonable force against plaintiff and in violation of plaintiff's constitutional rights.

64.     As a direct and proximate result of this unlawful conduct,

plaintiff sustained the damages hereinbefore alleged.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff demands judgment against defendants jointly and severally as follows:

(a)    Actual   and   punitive   damages   against   the   individual defendants in an amount to be determined at trial;

(b)    Actual damages in an amount to be determined at trial against the City of New York;

(c)    Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and New York common law, disbursements, and costs of the action; and

(d)    Such other relief as the Court deems just and proper.

DATED:    Brooklyn, New York

September 27, 2018

_____
Amy Rameau, Esq.

14

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO:      All Defendants
           Corporation Counsel of the City of New York